[No. A047606. First Dist., Div. 2. July 9, 1990.]

HOWARD PATERSON WIMAN, JR., Plaintiff and Appellant, v. VALLEJO CITY UNIFIED SCHOOL DISTRICT, Defendant and Respondent.

COUNSEL

Schwartz, Steinsapir, Dohrmann & Sommers, Robert M. Dohrmann and Michael R. Feinberg for Plaintiff and Appellant.

Kronick, Moskovitz, Tiedemann & Girard and Linda S. Sommers for Defendant and Respondent.

OPINION

**KLINE, P. J.**—Appellant, a social studies teacher, requested a paid leave of absence to enable him to serve on an advisory panel created by the state

Commission on Teacher Credentialing. When respondent school district denied this request, appellant unsuccessfully sought a writ of mandate. We are called upon to determine whether the panel to which appellant was appointed is subject to the provisions of Education Code section 44987.3, requiring school districts to grant leaves of absence without loss of compensation to teachers serving on certain boards, commissions, committees and groups.

## STATEMENT OF THE CASE AND FACTS

Appellant is a tenured, certificated employee of the Vallejo City Unified School District (District), employed to teach eighth grade United States history. On February 21, 1989, he was selected by the Commission on Teacher Credentialing (Commission) to serve on an advisory panel in his area of expertise which would advise the Commission on program standards for teacher preparation and specifications for the assessment of future teachers. According to the memorandum describing this advisory panel, it would perform two "essential functions": (1) "develop and recommend a set of standards to govern the quality of undergraduate programs of subject matter preparation for future teachers of that subject" and (2) "develop and recommend specifications to govern the assessment of the knowledge, competence and performance of individual prospective teachers of the subject in the future." The panel's tasks would include drafting and recommending a statement of the role and purposes of the subject in the school curriculum and importance of quality in the subject matter preparation of teachers; identifying factors the Commission should consider in deciding whether collegiate preparation programs fulfill the recommended standards of quality; completing a set of specifications to govern the development of new assessments that go beyond the use of multiple-choice questions; and developing and recommending specifications to govern the redevelopment of existing multiple-choice examinations for prospective teachers. The panel might also be called upon to review preparation programs after the Commission adopts new standards of program quality and periodically review the quality, appropriateness and effects of new assessments adopted by the Commission. The memorandum states, "[i]n the entire field of education, these are among the most significant functions that a policymaking body like the Commission could give to an advisory panel." With respect to logistics, the memorandum estimates a need for as many as 10 days of meetings between March 6 and September 1, 1989, and additional time in 1989-1990.

Respondent was notified of appellant's selection to serve on the Commission's advisory panel and appellant requested to be released from his duties in order to attend the panel's first meeting. On February 28, respondent

denied appellant's request, citing concern that appellant had already been absent over 40 days that school year due to his obligations as a union officer.

On July 11, 1989, appellant filed a petition for writ of mandate compelling respondent to release him without loss of compensation to attend meetings of the advisory panel. The matter was heard on September 14, at which time the trial court denied the petition. The court's order, filed October 3, states its finding that "the panel to which Petitioner Pat Wiman has been nominated is not one which entitles him to the mandatory leave provisions of Education Code section 44987.3. Because the panel does not entitle him to mandatory leave, the Writ of Mandate is denied." Appellant filed a timely notice of appeal on October 23, 1989.

## DISCUSSION

Under Education Code section 44987.3, subdivision (a),[1] "[t]he governing board of a school district shall grant to any employee, upon request, a leave of absence without loss of any compensation for the purpose of enabling such employee to serve on any of the following boards, commissions, committees, or groups, . . . [¶] (11) Any other group, commission, or board authorized by statute; or commission or board, any of whose members are appointed by the Governor or the State Board of Education; whose purposes and activities are to further public education, exclusive of the Commission for Teacher Preparation and Licensing."[2] ▉ Appellant contends that the panel to which he was appointed comes within the terms of this statute by virtue of section 44288. This latter statute provides, "[t]he

---

[1] All further statutory references will be to the Education Code unless otherwise specified.

[2] Subdivisions (a)(1) through (a)(10) of the statute refer by name to specific commissions, committees and councils as follows: "(1) Advisory Commission on Special Education, as provided for by Section 33590. [¶] (2) Advisory Committee for Child Care, as provided for by Chapter 2 (commencing with Section 8200) of Part 6. [¶] (3) California Advisory Council on Vocational Education, as provided for by Section 8000. [¶] (4) California Commission on Crime Control and Violence Prevention, as provided for by Section 14101 of the Penal Code. [¶] (5) Curriculum Development and Supplemental Materials Commission, as provided for by Section 33530. [¶] (6) Educational Innovation and Planning Commission, as provided for by Section 33502. [¶] (7) Educational Management and Evaluation Commission, as provided for by Section 33550. [¶] (8) Equal Educational Opportunities Commission, as provided for by Section 33570. [¶] (9) Instructional Television Advisory Commission, as provided for by Sections 51872 and 51873. [¶] (10) State Council of Educational Planning and Coordination, as provided for by Section 21000."

Subdivision (b) establishes the additional requirements that the service for which leave is granted be performed within California and that the commission or other group inform the employee's district in writing of the service and agree, prior to service, to reimburse the district for the cost of a substitute and for administrative costs.

The "Commission for Teacher Preparation and Licensing" referred to in this statute is the same entity as the "Commission on Teacher Credentialing." The Commission's name was changed in a 1988 amendment to section 44210. (Stats. 1988, ch. 1355, § 4.5.)

commission shall create subject matter advisory panels to *advise in the selection, administration, and interpretation of examinations.* The subject matter advisory panels shall consist of recognized leaders in the subject matter fields to be examined and shall be composed primarily of full-time public school classroom teachers, and full-time college or university class-room teachers." (Italics added.)

Appellant's position is well taken. The panel to which appellant was appointed was created by the Commission to develop and recommend "standards to govern the quality of undergraduate programs of subject matter preparation for future teachers" and "specifications to govern the assessment of the knowledge, competence and performance of individual prospective teachers." The specific duties elaborated in the memorandum include completing specifications for "development of new assessments that go beyond the use of multiple-choice questions," "redevelopment of existing multiple-choice examinations" for prospective teachers, and periodic review of new assessments adopted by the Commission. It is difficult to conceive of these tasks as anything other than advising the Commission on "the selection, administration, and interpretation of examinations" within the meaning of section 44288.

Respondent attempts to avoid the application of section 44288 by characterizing the panel's function as advising the Commission on program development, with only incidental involvement in developing teacher assessment standards. According to the memorandum, however, the panel's task of recommending specifications to govern the assessment of prospective teachers is one of its two "key functions." Since some of the panel's tasks are clearly within the contemplation of section 44288, the fact that the panel was given additional functions cannot operate to remove it from the purview of the statute.[3]

Respondent also urges that a section 44288 panel is not the type of entity the Legislature meant to include in the mandatory leave provisions of section 44987.3, subdivision (a)(11). This argument is based on the fact that

---

[3] We are not persuaded by respondent's argument that the Commission's letter to appellant demonstrates the panel was not created pursuant to section 44288. The letter states that the Commission had "approved a plan that would create advisory panels . . ." and does not refer to section 44288. According to respondent, it would not have been necessary to refer to a "plan" for creating the panel if the Commission had been exercising its authority under section 44288. We find nothing in the Commission's letter inconsistent with an exercise of its authority to create advisory panels pursuant to section 44288. Respondent has offered no evidence that the Commission makes a practice of expressly referring to statutory authority in correspondence such as this and we draw no inference from its failure to do so. Clearly, it is the function of the panel created and not the Commission's citation of authority which must determine whether the panel in question comes within the ambit of section 44288.

the entities expressly enumerated in section 44987.3, subdivision (a)(1) through (a)(10) are commissions, committees and councils specifically defined by statute.[4] According to respondent, the catch-all provision of section 44987.3, subdivision (a)(11) was meant to encompass similarly "formal, self-contained" groups which might be formed by the Legislature in the future.

This reading of the statute is overly restrictive. ■ According to well-established rules of statutory construction, we must " 'give effect to statutes "according to the usual, ordinary import of the language employed in framing them." [Citations omitted.] "If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose." [Citation omitted.]' " *Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 658-659 [147 Cal.Rptr. 359, 580 P.2d 1155].) ■ Section 44987.3, subdivision (a)(11) broadly refers to "[a]ny other group, commission, or board authorized by statute." A group created by the Commission under the specific authority of section 44288 is clearly one within the contemplation of this language. Had the Legislature meant to limit the mandatory leave provisions of section 44987.3 to groups specifically created by statute, it would have been a simple thing for it to say so.

Finally, we cannot accept respondent's suggestion that the mandatory leave provisions do not apply to the panel created by the Commission because the Commission itself is expressly excluded from section 44987.3, subdivision (a)(11). The legislative history of this statute reveals that the Commission was initially included in the list of groups specifically subject to the mandatory leave provisions (Assem. Amend. to Sen. Bill No. 1810 (1979-1980 Reg. Sess.) Aug. 19, 1980), then specifically excluded by a subsequent amendment. (Conf. Amend. to Sen. Bill No. 1810 (1979-1980 Reg. Sess.) Aug. 30, 1980.) At the time this statute was enacted, section 44216 already required that public school employees appointed to membership on the Commission be granted leave without loss of compensation. Accordingly, it appears the Commission was excluded from section 44987.3 because it was unnecessary to include it. The fact that Commission members *are* subject to mandatory leave provisions (albeit not those of § 44987.3) belies respondent's claim that members of a group created by the Commission should not have the benefit of such provisions.

■ Statutes "must be given a reasonable and common sense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result

---

[4] See footnote 2, *ante.*

in wise policy rather than mischief or absurdity." (*De Young* v. *City of San Diego* (1983) 147 Cal.App.3d 11, 18 [194 Cal.Rptr. 722].) The mandatory leave provisions of section 44987.3 obviously serve to facilitate active teachers' service in statutorily authorized groups which act to further public education. Section 44288 specifically directs that the advisory panels it mandates be composed "primarily of full-time public school classroom teachers, and full-time college or university classroom teachers." The narrow reading of these statutes urged by respondent would undermine the legislative policy they reflect, that teachers should be involved in issues relating to the assessment of future teachers.[5]

The judgment is reversed and remanded to the superior court for entry of an order granting the petition for writ of mandate.

Smith, J., and Benson, J., concurred.

---

[5] We note that respondent's denial of appellant's request for a leave of absence was apparently motivated by concern with the high number of school days he had already missed due to his union obligations. While respondent may legitimately be concerned if a teacher's activities interfere with his or her primary teaching obligation, this concern cannot overcome statutory mandates for leaves of absence.